United States Bankruptcy Court
Middle District of Pennsylvania

In re: Julie Kay Smith
Debtor

Case No. 19-04362-HWV
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1    User: DeborahGe    Page 1 of 2    Date Rcvd: Dec 09, 2019
Form ID: pdf002    Total Noticed: 38

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 11, 2019.

db +Julie Kay Smith, 9170 Anthony Highway, Waynesboro, PA 17268-9709
5258902 American Homepatient, PO Box 531673, Atlanta GA 30353-1673
5256565 +Bureau of Account Management, 3607 Rosemont Avenue, Camp Hill, PA 17011-6904
5256566 +Bureau of Account Managment, 3607 Rosemont Ave Ste 502, Po Box 8875, Camp Hill, PA 17001-8875
5258898 +Central PA Eye Institute, 825 Fishburn Road, Hershey PA 17033-2015
5256567 +Chambersburg Hospital, 112 N 7th Street, Chambersburg, PA 17201-1700
5258901 +Chambersburg Hospital, 760 E Washington Street, Chambersburg PA 17201-2751
5256569 +Commercial Acceptance Company, 2300 Gettysburg Road, Suite 102, Camp Hill, PA 17011-7303
5258905 Greencastle Family Practice, 50 Eastern Avenue Ste 135, Greencastle Pa 17225-1195
5258904 +Harry J Lawall & Sons Inc, 8031 Frankford Avenue, Philadelphia Pa 19136-2736
5256572 +KML Law Group PC, 701 Market Street, Suite 5000, Philadelphia, PA 19106-1541
5258903 +Lawall at Hershey Inc, 30 Hope Drive Ste 2100, Hershey PA 17033-2036
5258908 +Lincare, POB 690397, Orlando FL 32869-0397
5266241 +Linus Eugene Fenicle, 2331 Market Street, Camp Hill, PA 17011-4642
5258907 My Eye Dr, PO Box 31069, Phoenix AZ 85046-1069
5256574 +Penn State Hershey Medical Center, PO Box 853, Hershey, PA 17033-0853
5256575 +Penn State MS Hershey Medical Cente, PO Box 854, Hershey, PA 17033-0854
5256576 Pennymac Loan Services, Attn: Bankruptcy, Po Box 514357, Los Angeles, CA 90051
5256577 +Quincy Sewer Authority, 7575 Mentzer Gap Road, Waynesboro, PA 17268-8946
5266242 +Quincy Township, 7575 Mentzer Gap Road, Waynesboro, PA 17268-8946
5256578 +Rosenberrys Appliance Service, 2947 Country Road, Chambersburg, PA 17202-8830
5256579 +South Mountain Fire Dept, PO Box 92, South Mountain, PA 17261-0092
5258897 South Mountain Volunteer Fire Co, PO Box 90, Danville PA 17821-0090
5258909 Summit Health, PO Box 9197, Coral Springs FL 33075-9197
5258900 +Summit Physician Services, 785 5th Avenue Ste 3, Chambersburg PA 17201-4232
5258906 UPMC Pinnacle, PO Box 2353, Harrisburg PA 17105-2353
5258899 +Waynesboro Hospital, 501 E Main Street, Waynesboro PA 17268-2394

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

cr +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 09 2019 19:54:31 PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
5256568 +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Dec 09 2019 19:51:21 Commenity Bank, PO Box 659728, San Antonio, TX 78265-9728
5256570 +E-mail/Text: bdsupport@creditmanagementcompany.com Dec 09 2019 19:51:58 Credit Management Company, Attn: Bankruptcy, 2121 Noblestown Road, Pittsburgh, PA 15205-3956
5256571 E-mail/Text: bankruptcy@firstenergycorp.com Dec 09 2019 19:51:43 First Energy, 2800 Pottsville Pike, Post Office Box 16001, Reading, PA 19612-6001
5256563 E-mail/Text: cio.bncmail@irs.gov Dec 09 2019 19:51:11 Internal Revenue Service, POB 7346, Philadelphia, PA 19101-7346
5256573 +E-mail/Text: bankruptcydpt@mcmcg.com Dec 09 2019 19:51:39 Midland Funding, 2365 Northside Dr Ste 300, San Diego, CA 92108-2709
5277178 +E-mail/Text: bankruptcydpt@mcmcg.com Dec 09 2019 19:51:39 Midland Funding LLC, PO Box 2011, Warren, MI 48090-2011
5256564 E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 09 2019 19:51:33 PA Department of Revenue, Attn: Bankruptcy Division, Dept 280946, Harrisburg, PA 17128-0946
5257059 +E-mail/PDF: gecsedi@recoverycorp.com Dec 09 2019 19:54:44 Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021
5256580 E-mail/Text: bankruptcy@firstenergycorp.com Dec 09 2019 19:51:43 West Penn Power, Post Office Box 3687, Akron, OH 44309-3687
5271662 +E-mail/Text: bankruptcy@firstenergycorp.com Dec 09 2019 19:51:43 West Penn Power, 5001 NASA Blvd, Fairmont WV 26554-8248

TOTAL: 11

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2019    Signature: /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 9, 2019 at the address(es) listed below:

Charles J DeHart, III (Trustee) TWecf@pamd13trustee.com
Gary J Imblum on behalf of Debtor 1 Julie Kay Smith gary.imblum@imblumlaw.com, gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;bernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase.com
James Warmbrodt on behalf of Creditor PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
United States Trustee ustpregion03.ha.ecf@usdoj.gov

TOTAL: 4

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
**Julie Kay Smith**

CHAPTER 13
CASE NO. 1-19-04362

☑ ORIGINAL PLAN
AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $0.00_ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$62,985.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **12/2019** | **06/2024** | **$375.00** | **$706.00** | **$1,081.00** | **$59,455.00** |
| **07/2024** | **11/2024** | **$0.00** | $706.00 | $706.00 | $3,530.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $**62,985.00** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| Pennymac Loan Services | Attn: Bankruptcy; Po Box 514357; Los Angeles, CA 90051 | 7876 | $706.00 |
| | | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

☑ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Pennymac Loan Services | 9170 Anthony Highway Waynesboro, PA 17268 Franklin County | $5,765.41 *See 9, Below | $1,412.00 | $7177.41 *See 9, Below |

**D . Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Pennymac Loan Services | 9170 Anthony Highway Waynesboro, PA 17268 Franklin County | $104,234.59 *See 9, Below | 0% | $42,360.00 *See 9, Below |
| Quincy Sewer Authority | 9170 Anthony Highway Waynesboro, PA 17268 Franklin County | $1,200.00 *See 9, Below | 0% | $1,200.00 *See 9, Below |

**E . Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F . Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**G .** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $ **0.00** already paid by the Debtor, the amount of $ **0.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

b. $ ***See 9, Below** per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B. Priority Claims (including, certain Domestic Support Obligations**

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*



Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

- ☐ plan confirmation.
- ☐ entry of discharge.
- ☑ closing of case.

**7. DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _________
Level 2: _________
Level 3: _________
Level 4: _________
Level 5: _________
Level 6: _________
Level 7: _________
Level 8: _________

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

*** 9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**1A. If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.**

**2(C). Debtor waives the right to object to these claims after the Plan is confirmed.**

**2(E). Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.**

**2F. The collateral being surrendered is being surrendered in full satisfaction of debt.**

**3B. IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.**

**Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.**

**3A(2). Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.**

**In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.**

Dated: 11/6/2019

/s/ Gary J. Imblum

**Gary J. Imblum 42606**
Attorney for Debtor

/s/ Julie Kay Smith

**Julie Kay Smith**
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy